## N. Y. SUPERIOR COURT.

### JOHN FRANKEL agt RICHARD ELIAS.

*Sheriff— Who under execution has sold property as belonging to defendant, when called upon to account what he may allege.*

Though, as a general rule, a sheriff who under execution has levied upon and sold certain property as belonging to the defendant in the execution, will not be permitted, when called upon to account for the proceeds, to allege that the property in fact did not belong to said defendant. Yet, when upon motion to compel payment of surplus such defendant has put himself on record, under oath, that the property taken belonged to his wife, and that he had no interest therein, his right to recover the alleged surplus is not so clear that the court should enforce it on a summary application.

Such motion does not come under the one year limitation prescribed by section 385 of the Code of Civil Procedure, but under the three year limitation, as prescribed by section 383.

*Special Term, November,* 1880.

MOTION to determine amount of surplus remaining in the hands of the sheriff after sale on execution, and to compel payment thereof to defendant.

FREEDMAN, *J.* — Section 385 of the Code of Civil Procedure, which provides that an action against a sheriff or coroner upon a liability incurred by him by doing an act in his official capacity, or by the omission of an official duty, shall be brought within one year, expressly excepts an action for the nonpayment of money collected upon an execution. The time for bringing such an action is limited by section 383 to three years, and the limitation applies not only to the plaintiff in the execution, but to all persons having a right of action against a sheriff or coroner arising out of the collection of moneys upon an execution. Although, therefore, eighteen months have elapsed since the sale, the defendant is in time, and it is unnecessary to determine whether subdivision 4 of section 414 — which provides that the word "action," as above used, is to be construed, when necessary, as including a special proceeding, or any proceeding therein or in an action — includes such a motion as is now made.

As to the merits of the motion it is undoubtedly the general rule that a sheriff who, under an execution, has levied upon and sold certain property as belonging to the defendant in the execution, will not be permitted, when called upon to account for the proceeds, to allege that the property in fact did not belong to the said defendant. But the difficulty in this case is that the defendant who, by this motion, seeks to recover an alleged surplus remaining in the hands of the sheriff after the satisfaction of the execution and the payment of all legal fees and disbursements, in verifying the complaint in an action

brought by his wife against the sheriff for the alleged unlawful taking of the same property from her, put himself on record as stating under oath that the property taken belonged to his wife, and that he had no interest therein. Having thus solemnly committed himself by his own voluntary act, and the said action being still pending, his right to recover the alleged surplus is not so clear that the court should enforce it on a summary application. He should be left to proceed by action. For the same reason it is unnecessary to determine the amount of the surplus at the present time.

Motion denied, with ten dollars costs.